IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| John C. Amstrong, Jr. a/k/a JC Armstrong, § § § § *Plaintiff*, § v. § § Oly Fabrication, LLC, and § Bret A. Snyder, Individually, and § d/b/a Oly Fabrication, § § *Defendants*. § § | | Civil Action No._____ Jury |

# ORIGINAL COMPLAINT

### SUMMARY

Oly Fabrication, LLC and Bret A. Snyder, Individually, and d/b/a Oly Fabrication did not pay their welder, John C. Armstrong all of his earned overtime wages as required by the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. (the FLSA).

### JURISDICTION & VENUE

1. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves a federal question arising under the FLSA.

2. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) & (2) because Defendants are residents of this judicial district and division and a substantial

1

part of the events or omissions giving rise to Armstrong's claims occurred in this judicial district and division.

## THE PARTIES

3. Armstrong is a former employee of Defendants.

4. Oly Fabrication, LLC ("Oly") is a Texas limited liability company with its principal place of business in Houston, Harris County, Texas. Oly may be served with process by serving its registered agent, Jack Love, at 8710 Lasting Light Ct., Houston, Texas 77095 or at any other place where Jack Love may be found.

5. Bret A. Snyder is an individual that may be served with process at 14855 Grant Rd., Cypress, Texas 77429, or wherever he may be found.

## THE FACTS

6. Defendants are in the facbrication business, with a necessity for welders. At the time of Armstrong's employment with Defendants in the first half of 2014, Defendants employed approximately ten (10) welders.

7. Bret A. Snyder ("Snyder") is the managing member. Snyder has (and had) the power to set and enforce, and/or have delegated to others the power to set and enforce, employment practices and policies, including hiring and firing employees, supervising and controlling employee work schedules or conditions of employment, determining rates and methods of the payment of wages, maintaining employment records, as well as other employment practices and policies that directly and indirectly affect his and/or Oly's employees.

8. Defendants employed Armstong as a welder. Armstong typically spent his workweek completing various welding projects for Defendants' customers, at the direction of Defendants.

9. In performing his duties as a welder, Armstrong was an employee engaged in commerce and/or in the production of goods for commerce and/or who handled goods or materials that have been moved in or produced for commerce within the meaning of the FLSA.

10. Throughout the first half of 2014, Armstrong routinely worked in excess of forty (40) hours in a workweek for Defendants.

11. Defendants were well aware of the fact that Armstong routinely worked in excess of forty (40) hours in a workweek, but intentionally chose not to pay Armstong an appropriate amount for such work.

## CAUSE OF ACTION

12. Armstrong re-alleges paragraphs 1-11 as if set out here in their entirety.

13. The FLSA requires employers to pay their employees one-and-one-half times their regular rates for hours those employees work in excess of forty (40) in a workweek. 29 U.S.C. §207(a)(1).

14. Defendants employed Armstrong within the meaning of the FLSA.

15. Defendants are employers within the meaning of the FLSA.

16. Defendants are an enterprise engaged in commerce within the meaning of the FLSA.

17.  By failing to pay Armstrong overtime compensation at one-and-one-half times her regular hourly rate(s), Defendants violated the FLSA's overtime provisions. 29 U.S.C. § 207(a)(1).

18.  Defendants owe Armstrong the difference between the rates actually paid and the proper overtime rates.

19.  Because Defendants knew their pay practices violated the FLSA, or showed reckless disregard for whether their pay practices violated the FLSA, Defendants owe these wages for at least the past three (3) years.

20.  Defendants are liable to Armstrong for an amount equal to all unpaid and/or underpaid overtime wages.

21.  Defendants are, further, liable to Armstrong for liquidated damages in an additional amount equal to all unpaid and/or underpaid overtime wages.

22.  Finally, Armstrong is entitled to recover all reasonable attorneys' fees and costs incurred in this action.

## JURY DEMAND

23.  Armstrong demands a trial by jury.

## PRAYER

Armstrong asks that Defendants be cited to appear and answer, and that the Court:

1. Enter an order allowing this action to proceed as a collective action under the FLSA;

2. Upon final hearing, award Armstrong judgment against Defendants for all unpaid and/or underpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA;

3. Upon final hearing, award Armstrong judgment against Defendants' for post-judgment interest on all amounts awarded at the highest rate allowable by law; and

4. Award Armstrong all such other and further relief to which she may show herself to be justly entitled.

Respectfully submitted,

GIBSON HILL, P.C.

By: /s/ Brett Hill
Brett Michael Hill (Lead)
TBN: 24072776
FBN: 2130125
The Kirby Mansion
2000 Smith Street
Houston, Texas 77002
brett@taglawpc.com
(713) 659-4000 (Telephone)
(713) 752-2002 (Facsimile)

**Certificate of Service**

This is to certify that on January 20, 2016, I filed the foregoing document to the Clerk of Court via CM/ECF.